**FILED**
**Jul 23, 2024**
**01:43 PM(ET)**
TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | |
|---|---|
| Lella Graham, | ) Docket No.: 2021-01-0857 |
| Employee, | ) |
| v. | ) |
| CHI Memorial Healthcare System | ) State File No.: 19009-2021 |
| (misnamed as Memorial Hixson | ) |
| Hospital), | ) |
| Employer, | ) Judge Thomas Wyatt |
| And | ) |
| Indemnity Insurance Company of | ) |
| North America, | ) |
| Carrier. | ) |
| | ) |

## COMPENSATION ORDER GRANTING SUMMARY JUDGMENT

On July 16, 2024, the Court heard argument on CHI Memorial's motion for summary judgment supported by a pulmonologist's opinion that Lella Graham's COVID-19 symptoms are not work-related. Ms. Graham did not submit a contrary medical opinion but argues that summary judgment is inappropriate because Memorial did not offer a panel or file notices of denial, controversy, and change in benefits. For the reasons below, the Court grants summary judgment.

### Claim History

Ms. Graham petitioned for benefits for COVID-19 symptoms. After scheduling the case and setting deadlines for expert disclosures and dispositive motions, Memorial filed this motion.

Memorial submitted the deposition testimony of pulmonologist Michael Czarnecki in support of summary judgment. He is board-certified in pulmonology, internal, and critical-care medicine and is licensed to practice medicine in Tennessee and two other states. He saw Ms. Graham once and reviewed records that Memorial provided. He wrote a report that was introduced as an exhibit to his deposition without objection.

1

Regarding causation, Dr. Czarnecki stated, "I gave a rating of zero percent for the employee's employment as contributing to the cause of her injury." In explanation, he testified:

> And broadly speaking, everyone was exposed to the coronavirus just like you're exposed to a common cold everywhere[.] So the exposure to everyone was the same . . . basically, whether you stayed at home, or whether you were out and about in the community. You had the same amount of risk.

He testified further that, as the COVID-19 virus spread in the community, "[y]ou couldn't identify one spot that it would be more likely than not to receive or get infected from." When the virus is "prevalent throughout the entire community, floating in the air with no constraints or borders, then the moment you take off your mask, pump gas, go to a restaurant, [or] walk through the door to your car, you have the possibility for exposure." In summary, Dr. Czarnecki stated it is "impossible" to determine when a person infected with COVID-19 was exposed to the virus.

On cross-examination, Dr. Czarnecki stated that he knew Ms. Graham worked in a clinic that brought her into proximity with patients with active COVID symptoms. Furthermore, he knew she claimed that other than to go to work, she did not travel out into the community in the months before she contracted COVID-19. Finally, he knew that her husband tested negative for COVID on multiple occasions before she became infected. He testified none of those factors caused him to change his opinion that he could not state Ms. Graham's COVID was work-related.

In response, Ms. Graham filed a sworn declaration, responses to Memorial's statement of undisputed facts, two memoranda of law, and copies of emails.

In her declaration, she stated she worked as a practice manager at one of Memorial's clinics, where, because of proximity to COVID patients, she was exposed to and became infected with the virus. Memorial arranged for her to receive treatment but did not pay for it under workers' compensation. However, she received temporary total disability benefits for approximately five weeks after her diagnosis.

Ms. Graham tried but could not return to work at Memorial due to long COVID. As a result, she lost her job and health insurance, which made her financially unable to obtain a causation opinion to rebut Memorial's pulmonologist. She became qualified for Medicare during 2024 and scheduled an appointment with a pulmonologist as soon as possible, on July 11. She intended to ask this pulmonologist for a causation opinion, but the deadline for obtaining expert evidence had passed. Her motions for an extension were denied.

Ms. Graham's declaration did not provide testimony about Memorial's failure to provide a panel or its failure to file notices of denial, controversy, or change of benefits.[1]

## Law and Analysis

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Tenn. R. Civ. P. 56.04 (2023).

As the moving party, Memorial must do one of two things to prevail on its motion: (1) submit affirmative evidence that negates an essential element of Ms. Graham's claim, or (2) demonstrate that her evidence is insufficient to establish an essential element of her claim. Tenn. Code Ann. § 20-16-101 (2023); *see also Rye v. Women's Care Ctr. of Memphis, MPLLC*, 477 S.W.3d 235, 264 (Tenn. 2015).

If Memorial successfully meets one of those burdens, Ms. Graham must respond by producing specific facts showing a genuine issue for trial. *Id.;* Tenn. R. Civ. P. 56.06. Rule 56.03 states, "Each disputed fact must be supported by specific citations to the record." As to the record, Rule 56.04 allows a court to consider "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any."

Memorial bases its motion for summary judgment on the requirement that Ms. Graham prove, as an essential element of her case, that she contracted her COVID-19 primarily out of and in the course and scope of her employment by Memorial.

Tennessee Code Annotated section 50-6-239(c)(6) gives the employee, here Ms. Graham, the burden of proving all elements of her claim. Further, section 50-6-102(12)(A) defines a covered "injury" as one that "arises primarily out of and in the course and scope of employment." This essential, definitional requirement for recovery, called causation, must be proved by the opinion of a physician that, "more likely than not," "the employment contributed more than fifty percent (50%) in causing the death, disablement or need for medical treatment, considering all causes." *Id.* at -102(12)(B)-(D).

Here, Memorial negated the essential element of causation by submitting the deposition testimony of a pulmonologist that Ms. Graham's work in a clinic treating

---

[1] She attached unsworn copies of emails on the panel issue. A court cannot consider unsworn documents on summary judgment.. *See* Tenn. R. Civ. P. 56.04; *Sadeekah v. Abdelaziz*, 2021 TN Wrk. Comp. App. Bd. LEXIS 19, at *12-13 (June 22, 2021). She also presented no sworn evidence of the alleged filing deficiencies. She mentioned them in argument in a response to summary judgment but did not testify about them in her sworn declaration.

COVID patients had "zero percent" causal relationship with her own infection. Ms. Graham offered no expert testimony to dispute this opinion.

Ms. Graham's sworn statement that she contracted the virus while working in a facility treating patients with COVID does not, standing alone, place the pulmonologist's opinion in dispute. In *Scott v. Integrity Staffing Solutions,* 2015 TN Wrk. Comp. App. Bd. LEXIS 24, at *12 (Aug. 18, 2015), the Workers' Compensation Appeals Board held, "Employee's lay testimony in this case, without corroborative expert testimony, did not constitute adequate evidence of medical causation." Moreover, she cites no law in support of her argument that Memorial's alleged failure to file the required forms is an adequate basis to preclude summary judgment.

For these reasons, the Court grants summary judgment.

**IT IS ORDERED AS FOLLOWS:**

1. Ms. Graham's claim is dismissed with prejudice to its refiling.

2. Unless appealed, this order shall become final 30 days after entry.

3. The Court taxes the $150.00 filing fee to Memorial under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (2023), payable to the Clerk within five days of this order becoming final.

**ENTERED July 23, 2024.**

**Judge Thomas Wyatt**
**Court of Workers' Compensation Claims**

4

## CERTIFICATE OF SERVICE

I certify that a copy of the Order was sent as indicated on July 23, 2024.

| Name | Reg U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Jimmy Bilbo<br>Employee's Attorney | | X | jimbilbo@bilbolaw.com |
| Doug Dooley<br>Mickala Lewis<br>Employer's Attorney | | X | Doug.dooley@leitnerfirm.com<br>Mickala.lewis@leitnerfirm.com |

Penny Shrum, Court Clerk
WC.CourtClerk@tn.gov

5



## Right to Appeal:

If you disagree with the Court's Order, you may appeal to the Workers' Compensation Appeals Board. To do so, you must:

1. Complete the enclosed form entitled "Notice of Appeal" and file it with the Clerk of the Court of Workers' Compensation Claims before the expiration of the deadline.
   - ➢ If the order being appealed is "expedited" (also called "interlocutory"), or if the order does not dispose of the case in its entirety, the notice of appeal *must* be filed *within seven (7) business days* of the date the order was filed.
   - ➢ If the order being appealed is a "Compensation Order," or if it resolves all issues in the case, the notice of appeal *must* be filed *within thirty (30) calendar days* of the date the Compensation Order was filed.

   When filing the Notice of Appeal, you must serve a copy on the opposing party (or attorney, if represented).

2. You must pay, via check, money order, or credit card, a **$75.00 filing fee** *within ten calendar days* after filing the Notice of Appeal. Payments can be made in-person at any Bureau office or by U.S. mail, hand-delivery, or other delivery service. In the alternative, you may file an Affidavit of Indigency (form available on the Bureau's website or any Bureau office) seeking a waiver of the filing fee. You must file the fully-completed Affidavit of Indigency *within ten calendar days* of filing the Notice of Appeal. **Failure to timely pay the filing fee or file the Affidavit of Indigency will result in dismissal of your appeal.**

3. You are responsible for ensuring a complete record is presented on appeal. If no court reporter was present at the hearing, you may request from the Court Clerk the audio recording of the hearing for a $25.00 fee. If you choose to submit a transcript as part of your appeal, which the Appeals Board has emphasized is important for a meaningful review of the case, a licensed court reporter must prepare the transcript, and you must file it with the Court Clerk. The Court Clerk will prepare the record for submission to the Appeals Board, and you will receive notice once it has been submitted. For deadlines related to the filing of transcripts, statements of the evidence, and briefs on appeal, see the applicable rules on the Bureau's website at https://www.tn.gov/wcappealsboard. (Click the "Read Rules" button.)

4. After the Workers' Compensation Judge approves the record and the Court Clerk transmits it to the Appeals Board, a docketing notice will be sent to the parties.

   **If neither party timely files an appeal with the Appeals Board, the Court Order becomes enforceable. See Tenn. Code Ann. § 50-6-239(d)(3) (expedited/interlocutory orders) and Tenn. Code Ann. § 50-6-239(c)(7) (compensation orders).**

*For self-represented litigants: Help from an Ombudsman is available at 800-332-2667.*



## NOTICE OF APPEAL

Tennessee Bureau of Workers' Compensation
www.tn.gov/workforce/injuries-at-work/
wc.courtclerk@tn.gov | 1-800-332-2667

**Docket No.:** _____

**State File No.:** _____

**Date of Injury:** _____

_____

**Employee**

v.

_____

**Employer**

Notice is given that _____

*[List name(s) of all appealing party(ies).  Use separate sheet if necessary.]*

appeals the following order(s) of the Tennessee Court of Workers' Compensation Claims to the Workers' Compensation Appeals Board (check one or more applicable boxes and include the date file-stamped on the first page of the order(s) being appealed):

☐ Expedited Hearing Order filed on _____  ☐ Motion Order filed on _____

☐ Compensation Order filed on_____  ☐ Other Order filed on_____

issued by Judge _____.

### Statement of the Issues on Appeal

Provide a short and plain statement of the issues on appeal or basis for relief on appeal:

_____

_____

_____

_____

### Parties

**Appellant(s) (Requesting Party):** _____ ☐ Employer ☐ Employee

Address: _____  Phone: _____

Email: _____

Attorney's Name: _____  BPR#: _____

Attorney's Email: _____  Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellant \**

Employee Name: _____ Docket No.: _____ Date of Inj.: _____

**Appellee(s)** (Opposing Party): _____ ☐ Employer ☐ Employee

Appellee's Address: _____ Phone: _____

Email: _____

Attorney's Name: _____ BPR#: _____

Attorney's Email: _____ Phone: _____

Attorney's Address: _____

*\* Attach an additional sheet for each additional Appellee \**

## CERTIFICATE OF SERVICE

I, _____, certify that I have forwarded a true and exact copy of this Notice of Appeal by First Class mail, postage prepaid, or in any manner as described in Tennessee Compilation Rules & Regulations, Chapter 0800-02-21, to all parties and/or their attorneys in this case on this the _____ day of _____, 20 _____.

_____

*[Signature of appellant or attorney for appellant]*



**Tennessee Bureau of Workers' Compensation**
**220 French Landing Drive, I-B**
**Nashville, TN 37243-1002**
**800-332-2667**

### AFFIDAVIT OF INDIGENCY

I, _____, having been duly sworn according to law, make oath that because of my poverty, I am unable to bear the costs of this appeal and request that the filing fee to appeal be waived. The following facts support my poverty.

1. Full Name: _____  2. Address: _____

3. Telephone Number: _____  4. Date of Birth: _____

5. Names and Ages of All Dependents:

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

_____  Relationship: _____

6. I am employed by: _____

My employer's address is: _____

My employer's phone number is: _____

7. My present monthly household income, after federal income and social security taxes are deducted, is:

$ _____

8. I receive or expect to receive money from the following sources:

| | | | |
|---|---|---|---|
| AFDC | $ _____ per month | beginning | _____ |
| SSI | $ _____ per month | beginning | _____ |
| Retirement | $ _____ per month | beginning | _____ |
| Disability | $ _____ per month | beginning | _____ |
| Unemployment | $ _____ per month | beginning | _____ |
| Worker's Comp. | $ _____ per month | beginning | _____ |
| Other | $ _____ per month | beginning | _____ |

9. My expenses are:

Rent/House Payment $ _____ per month    Medical/Dental  $ _____ per month

Groceries          $ _____ per month    Telephone       $ _____ per month

Electricity        $ _____ per month    School Supplies $ _____ per month

Water              $ _____ per month    Clothing        $ _____ per month

Gas                $ _____ per month    Child Care      $ _____ per month

Transportation     $ _____ per month    Child Support   $ _____ per month

Car                $ _____ per month

Other              $ _____ per month (describe: _____ )

10. Assets:

Automobile              $ _____    (FMV) _____

Checking/Savings Acct. $ _____

House                   $ _____    (FMV) _____

Other                   $ _____    Describe: _____

11. My debts are:

Amount Owed                    To Whom

_____            _____

_____            _____

_____            _____

_____            _____

**I hereby declare under the penalty of perjury that the foregoing answers are true, correct, and complete and that I am financially unable to pay the costs of this appeal.**

_____
APPELLANT

Sworn and subscribed before me, a notary public, this

_____ day of _____, 20_____.

_____
NOTARY PUBLIC

My Commission Expires:_____